UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Westport Insurance Company, | ) | C/A No. 3:03-361-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The Addison Law Firm, L.L.C., | ) | |
| Herbert Tony Addison, and | ) | |
| J. Kyle Smith, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on cross motions for summary judgment. This case involves insurance coverage on an underlying legal malpractice judgment against defendant Addison and The Addison Law Firm, in favor of defendant Smith. Defendant Addison, an attorney, failed to find a mortgage during a title search on property defendant Smith purchased. In May 2000, defendant Smith notified Addison of the claim for reimbursement. Addison, in turn, notified his malpractice insurance carrier, plaintiff Westport Insurance Company ("Westport"). Westport undertook an investigation of the claim, but the claim remained unpaid for over a year. In 2001, Smith filed suit against Addison in state court. There is a factual dispute as to whether or not Addison provided notice of the lawsuit to Westport. The state court action was not defended and Smith obtained a default judgment for $211,003.80 on October 24, 2001. Addison assigned all of his claims under the policy to

1

Smith. Westport filed this action against both Addison and Smith seeking a declaratory judgment that it has no obligation to provide coverage of the underlying default judgment.

Plaintiff Westport filed a motion for summary judgment in this action. Defendant Smith filed a motion for partial summary judgment. The court heard oral argument on June 2, 2005.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the plaintiff is the moving party and the defendant has the ultimate burden of proof on an issue, the plaintiff must identify the parts of the record that demonstrate the defendant lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

DISCUSSION

*I. Plaintiff's Motion for Summary Judgment*

Westport argues that Addison breached the cooperation clause and the notice clause of the policy. Therefore, according to Westport, it has no obligation to provide coverage for the underlying default judgment against Addison. Westport also argues that the anti-assignment clause in the policy precluded Addison from assigning his claims under the policy to Smith.

*a. Failure to Cooperate*

Under South Carolina law, the insured is under a duty to comply with the conditions of his policy in order to be covered. *Evans v. Am. Home Assurance Co.*, 166 S.E.2d 811, 813 (1969). "A liability insurer may successfully defend upon the ground that the insured violated the cooperation clause of the policy only when the breach has been material and has resulted in substantial prejudice to the insurer. Furthermore, the insurer must be reasonable in its demands and diligent in its efforts to secure the cooperation of the insured." *Id*.

Plaintiff argues that Addison's failure to comply with the cooperation clause in the policy obviates coverage as a matter of law. Westport argues that after being notified of the claim, Westport found that the claim was defensible. According to Westport, Smith's special warranty deed would have allowed Smith to proceed against his grantor, rather than Addison. Westport contends that Addison did not respond to its requests for information about possible indemnification from the third party seller.

Smith contends that Addison did respond to the requests for information, that the information requested was not material to the resolution of Smith's claim against Addison, and

3

that the insurance company was not "reasonable in it demands and diligent in its efforts to secure cooperation of the insured." *Id*. Relying on *Evans*, Smith also argues that the issue of cooperation should be submitted to a jury.

The court finds there are genuine issues of material fact which would preclude summary judgment on this issue. Therefore, the plaintiff's motion for summary judgment on the issue of failure to cooperate is denied.

### *b. Failure to Comply with the Notice Provision*

The *Evans* test also applies to this claim: "A liability insurer may successfully defend upon the ground that the insured violated the cooperation clause of the policy only when the breach has been material and has resulted in substantial prejudice to the insurer. Furthermore, the insurer must be reasonable in its demands and diligent in its efforts to secure the cooperation of the insured." *Id*.

Westport argues that Addison did not comply with the notice provision of the policy and, due to this noncompliance, it has no obligation to provide coverage.

Defendant Smith argues that the notice Addison provided to Westport regarding the claim was sufficient to prevent Westport from denying coverage. Smith also argues that Addison forwarded the summons and complaint to Westport.

The court finds there are genuine issues of material fact which would preclude summary judgment on this issue. Therefore, the plaintiff's motion for summary judgment on this issue is denied.

### *c. Bad Faith*

Westport asserts that if the assignment is valid,[1] Westport is entitled to summary judgment as a matter of law on Smith's counterclaim for bad faith based on Westport's alleged failure to investigate and defend Smith's claim against Addison.

The elements of a bad faith claim are: "(1) the existence of a mutually binding contract of insurance between the plaintiff and defendant; (2) a refusal by the insurer to pay the benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured." *Mixson, Inc. v. American Loyalty Ins. Co.*, 562 S.E.2d 659, 661 (S.C. App. 2002).

Smith argues that Westport's failure to adjust the underlying claim, focusing instead on the possibility of indemnification from a third party, constitutes bad faith by Westport.

Westport asserts that it cannot be held liable for bad faith where it had a reasonable basis for contesting the claim. Westport further argues that Addison's conduct in failing to cooperate and provide notice provides Westport with reasonable grounds to contest its liability on the underlying claim.

The court agrees. In this case, there has been no showing that Westport acted in bad faith or in an unreasonable manner in failing to defend or settle Smith's claims against Addison. Furthermore, there has been no showing that Addison suffered damages caused by Westport's failure to settle or defend the underlying action. Therefore, the plaintiff's motion

---

[1] Westport also asserts that the assignment of claims from Addison to Smith is invalid. This issue is addressed in Section II.a of this opinion.

for summary judgment on the defendant's counterclaim for bad faith is granted.

### d. Unfair Trade Practices Claim

Westport also seeks summary judgment on Smith's counterclaim under the South Carolina Unfair Trade Practices Act ("SCUTPA"). SCUPTA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code § 39-5-20. "The SCUTPA's 'public interest' requirement may be satisfied in South Carolina if the alleged unfair or deceptive acts or practices have the potential for repetition. Potential for repetition may be shown in two ways: '(1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures create a potential for repetition of the unfair and deceptive acts.'" *Liberty Mut. Ins. Co. v. Employee Resource Mgt.,* 176 F. Supp.2d 510, 516 (D.S.C. 2001). In this case, there has been no showing of similar actions by the plaintiff in other cases, and no showing that the company's procedures create a potential for repetition. The court finds that there is no genuine issue of material fact on this issue and the plaintiff is entitled to judgment as a matter of law. The plaintiff's motion for summary judgment on this claim is granted.

### e. Unfair Acts in Business of Insurance Claim

Westport seeks summary judgment on Smith's claim under the Unfair Acts in Business of Insurance Act. Defendant Smith concedes that he has no viable claim under this statute. Therefore, Westport's motion for summary judgment on this claim is granted.

*II. Defendant Smith's Motion for Summary Judgment*

Defendant Smith seeks summary judgment on the issue of the anti-assignment clause and the plaintiff's allegations that defendants Smith and Addison colluded to have judgment entered without plaintiff's knowledge.

*a. Anti-Assignment Provision*

Both Westport and defendant Smith seek summary judgment on the plaintiff's defense that the insured's violation of the anti-assignment clause in the policy allows it to deny coverage. The anti-assignment provision in the policy states: "Neither this Policy nor any Insured interest in this Policy may be assigned."

Westport argues that the policy precludes Addison from assigning his rights to Smith. Thus, according to Westport, it is entitled to summary judgment on all of Smith's counterclaims based on the ineffectiveness of the purported assignment of Addison's claims to Smith.

Defendant Smith argues that the anti-assignment clause refers to the insured's benefits in the policy and not the insured's claims against the insurer when the insurer breaches the policy. Smith argues that because this assignment occurred after the loss, it cannot be used by Westport to deny coverage.

The majority of courts follow "the rule that general stipulations in policies prohibiting assignments thereof except with the consent of the insurer apply only to assignments before loss, and do not prevent assignment after loss." 3 *Couch on Ins.* §35:7. The event of a "loss . . . creates new rights and obligations which . . . alter[] the prohibition of an assignment." *Id.*

7

South Carolina adopted this rule in *Ligon v. Metropolitan Life Ins. Co.*, 64 S.E.2d 258, 264 (1951) ("In our opinion, such a restriction in the insurance policy is not intended to cover a case where the loss has already occurred and where the thing which is being assigned is a claim for a loss."). The court finds that under South Carolina law, the assignment of claims from Addison to Smith after the loss occurred was valid and does not affect coverage. Therefore, the defendant's motion for summary judgment is granted. The plaintiff's cross-motion for summary judgment on this issue is denied.

### *b. Allegations of Collusion*

Defendant Smith seeks summary judgment on the issue of whether collusion between Addison and Smith would preclude coverage. Defendant Smith argues that the plaintiff has produced no evidence to support its allegations of collusion between Addison and Smith to procure a judgment without the knowledge of the plaintiff.

"[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the District Court—that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Once the moving party has made such a showing, the burden shifts to the non-moving party to show specifically "that there is a genuine issue for trial." F. R. Civ. P. 56(e).

There is no evidence of collusion in the record of this case to support allegations of collusion. Therefore, Smith's motion for summary judgment on this ground is granted.

### CONCLUSION

The plaintiff's motion for summary judgment on the issue of failure to cooperate is

denied. The plaintiff's motion for summary judgment on the issue of failure to provide notice is denied. The plaintiff's motion for summary judgment on Smith's claim for bad faith is granted. The plaintiff's motions for summary judgment on Smith's claims under the South Carolina Unfair Trade Practices Act and the Unfair Acts in Business of Insurance Act are granted. The defendant's motion for summary judgment on the anti-assignment clause of the policy is granted. The defendant's motion for summary judgment on the issue of collusion is granted.

    IT IS SO ORDERED.

                                        /s/ Joseph F. Anderson, Jr.
                                        United States District Judge

June 6, 2005
Columbia, South Carolina